UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS ENRIQUE VIANA GALICIA,
A-234-301-724

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
ANNEX, et al.,

Respondents.

No.  1:26-cv-02257-DJC-EFB (HC)

ORDER (ECF No. 10) and FINDINGS AND
RECOMMENDATIONS (ECF No. 1)

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  This matter was referred to the undersigned pursuant to Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1)(B).  ECF No. 3.  For the reasons set forth below, the undersigned recommends the writ be granted.

**BACKGROUND**

**A.  Factual Background**

In his petition, petitioner alleges he is a noncitizen who was arrested by the Department of Homeland Security (DHS) on October 30, 2025 and remains detained.  ECF No. 1 ¶¶ 18-19.  Since that time, he has not been provided with a bond hearing before an Immigration Judge, to determine whether his detention is warranted due to his being a flight risk or danger to the community.  *Id*. ¶ 2.  Petitioner alleges that his detention has effectuated particular hardship on him because he is the financial provider for his wife and young children and, further, that he has

1

experienced poor conditions of confinement. *Id*. ¶ 23. Per petitioner, his wife filed an I-130 (Petition for Alien Relative) for him in 2019, which was ultimately abandoned. In 2025, petitioner filed an I-589 (Application for Asylum and Withholding of Removal). *Id*. ¶¶ 18, 23.

In their opposition, respondents do not dispute most of petitioner's factual allegations. ECF No. 12. They represent that petitioner is a citizen and national of Guatemala, who entered the Untied States on an unknown date. *Id*. at 1 & Ex. 1. Per respondents, on March 29, 2022, petitioner was convicted in the Superior Court for the County of Stanislaus for violations of California Health and Safety Code § 33210 and Penal Code § 237a(B), and was sentenced to 150 days' jail and 48 months of probation. *Id*. On July 16, 2025, in the same court, petitioner was convicted of violating California Health and Safety Code § 11378, with an enhancement under § 11370.4(b)(2), and was sentenced to five years' imprisonment with three years suspended and thirty-six months of probation. *Id*. Respondents assert that petitioner was arrested on October 29, 2025—not October 30, 2025, as petitioner alleges, *see* ECF No. 1 ¶ 19—and that, upon arrest, respondents served petitioner a final administrative order of removal. ECF No. 12 at 2 & Exs. 1, 2.

In his traverse, petitioner represents that he entered the United States in 2005 without inspection. ECF No. 14 at 1. Since then, he married and had four children, all of whom are minors. *Id*. at 1 & Exs. 2, 3. On October 29, 2025, an Immigration Judge issued a final order of removal pursuant to 8 U.S.C. § 1228(b), which permits expedited removal of certain noncitizens convicted of aggravated felonies. *Id*. at 1 & Ex. 4. On November 20, 2025, an Immigration Judge reviewed DHS's reasonable fear determination and found that petitioner had established a reasonable probability that he would be persecuted or tortured in the county of removal and placed petitioner in withholding-only proceedings. *Id*. at 1 & Exs. 7-8. The Executive Office of Immigration Review's Automated Case Information website indicates that, on April 22, 2026, an Immigration Judge issued a denial, and an appeal to the BIA was received on May 18, 2026, which remains pending. *See* EOIR Automated Case Information,

https://acis.eoir.justice.gov/en/caseInformation (accessed July 1, 2026).[1]

**B. Procedural Background**

Petitioner initiated this action on March 23, 2026.  ECF No. 1.  On March 24, 2026, the district court referred the matter to the undersigned.  ECF No. 3.  Petitioner filed a motion to appoint counsel, on March 31, 2026, ECF No. 7, which the undersigned granted on April 2, 2026.  ECF No. 8.  Petitioner moved to proceed in forma pauperis, on April 6, 2026.  ECF No. 10.  On April 9, 2026, respondents filed an opposition to the petition, ECF No. 12, and petitioner filed a traverse, through counsel, on April 15, 2026, as amended on April 17, 2026.  ECF Nos. 13, 14.

**C. Motion to Proceed In Forma Pauperis**

Pending before the undersigned is petitioner's request to proceed in forma pauperis.  ECF No. 10.  Examination of petitioner's in forma pauperis application reveals that he is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  *See* 28 U.S.C. § 1915(a).

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *See, e.g.*, *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

In his petition, petitioner asserts a single claim for relief: that his prolonged, continued detention without a bond hearing violates his rights to due process under the Fifth Amendment.  ECF No. 1 ¶¶ 46-49.  As relief, he requests the court order his immediate release or, in the

[1] The court takes judicial notice of the EOIR's case information available on its website, pursuant to Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC, v. Visa USA Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953).

alternative, that respondents be ordered to provide him a bond hearing; declaratory relief; and attorney fees and costs. *Id*. at 17-18.  The undersigned finds petitioner has demonstrated his entitlement to habeas corpus relief, recommends the writ be granted, and recommends respondents be ordered to provide petitioner a bond hearing.

### 1.  Applicability of *Zadvydas v. Davis*, 533 U.S. 678 (2001)

"Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022).  "In particular, § 1231(a)(6) provides that after a 90-day 'removal period,' a noncitizen 'may be detained' or may be released under terms of supervision."  *Id*.  "After the removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" *Id*. at 578-79 (quoting 8 U.SC. § 1231(a)(6)).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court addressed a challenge to prolonged detention under § 1231(a)(6) by noncitizens who "had been ordered removed by the government and all administrative and judicial review was exhausted, but their removal could not be effectuated because their designated countries either refused to accept them or the United States lacked a repatriation treaty with the receiving country." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (citing *Zadvydas*, 533 U.S. at 684-86).  Recognizing that a statute that permitted indefinite civil detention would run afoul of the Due Process Clause of the Fifth Amendment, the Supreme Court "read an implicit limitation" into the statute "in light of the Constitution's demands," holding that § 1231(a)(6) does not authorize indefinite detention and "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689.  Rather,

> [a]fter [a presumptively reasonable] 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the

4

period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 701.

Here, the parties agree that an order of removal was entered against petitioner on October 29, 2025, and became final on that date. ECF No. 12 at 2 & Exs. 1, 2; ECF No. 14 at 1 & Ex. 4. Petitioner, however, disputes that this order constitutes a "valid" final order of removal, because the record does not demonstrate that the order was issued in accordance with governing regulations. ECF No. 14 at 2-4. Petitioner argues that, for this reason, his current detention lacks statutory basis and is per se unlawful. *Id*.

Petitioner's argument fails for two reasons. First, this argument fundamentally changes the nature of petitioner's claim for relief, and thus is not properly raised in his reply brief. In his petition, petitioner asserts a single claim for relief: that his prolonged detention without a bond hearing has violated his rights to due process. ECF No. 1 ¶¶ 46-49. The petition, even liberally construed, does not challenge respondents' legal authority to have detained petitioner in the first instance. *See generally* ECF No. 1. The court cannot consider theories for relief raised for the first time in a traverse or reply brief. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Should petitioner have sought relief on this basis, he should have filed an amended petition for writ of habeas corpus, so as to provide respondents an opportunity to respond to the allegations. *Id*.

Additionally, petitioner fails to show that any defects in the final administrative removal order have the effect of rendering that order legally null such that petitioner's detention lacks any statutory authority. *See* ECF No. 14 at 2-4. In making this argument, petitioner relies almost exclusively on cases where the noncitizen has been criminally prosecuted for violating 8 U.S.C. § 1326, being an alien in the United States after deportation. *Id*. (citing *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1039 (9th Cir. 2012); *United States v. Gutierrez-Lopez*, 793 F. Supp. 3d 1297, 1299 (E.D. Wash. 2025), *appeal dismissed*, No. 25-5180, 2025 WL 3188016 (9th Cir. Oct.

6, 2025); *United States v. Morales-Rodriguez*, 744 F. Supp. 3d 1036, 1043 (S.D. Cal. 2024).)[2] Such challenges may be raised pursuant to 8 U.S.C. § 1326(d), which expressly permits the defendant to collaterally attack the underlying removal order as a defense to the criminal charges. *See United States v. Palomar-Santiago*, 593 U.S. 321, 326 (2021); *Morales-Rodriguez*, 744 F. Supp. 3d 1 at 1046. The Court of Appeals has held that this section permits a court to hold the removal order legally invalid, for the purposes of a subsequent prosecution under 8 U.S.C. § 1326, if the removal order was so flawed as to have violated the alien's right to due process and the alien demonstrates prejudice from that violation. *United States v. Valdivias-Soto*, 112 F.4th 713, 722 (9th Cir. 2024); *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014). Petitioner, however, makes no showing that these authorities apply outside of the context of § 1326 prosecutions, or that the principles underlying them should apply broadly to the type of challenge that petitioner raises here. *See* ECF No. 14 at 2-4. Further, the cited authorities appear inapposite to the premise of petitioner's argument in the instant case, as the holdings in the cited cases were based upon the express language of § 1326(d), which recognizes a right to collaterally attack a removal order as a means to challenge a criminal prosecution under § 1326(a). Here, in contrast, the legislature has not codified a similar right to challenge detention authority under 8 U.S.C. § 1231(a), i.e., the basis of petitioner's current detention. *See* 8 U.S.C. § 1231. Finally, even if the court were to conclude that the cases relied on by petitioner should be applied here and support a finding that petitioner's final order of removal was so defective as to have deprived him of his due process rights, *see* ECF No. 14 at 2-4, the same authorities would require petitioner to show prejudice in order for the court to conclude that the final order of removal was legally invalid. *See Valdivias-Soto*, 112 F.4th at 722; *Alvarado-Pineda*, 774 F.3d at 1201. Here, petitioner has made no such showing. *See* ECF No. 14 at 2-4. For all of these reasons, the

---

[2] Petitioner also relies on *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1192 (9th Cir. 2021), arguing that the Court of Appeals there held that the petitioner's final order of removal was legitimate despite its form not complying exactly with governing regulations. *See* ECF No. 14 at 4. This is incorrect; in fact, the Court of Appeals held it could not entertain this argument because it lacked jurisdiction to review the order, per 8 U.S.C. § 1231(a)(5). *Alvarado-Herrera*, 993 F.3d at 1192.

undersigned declines to find that the final order of removal is legally invalid, such that respondents lacked authority to detain petitioner in the first instance.

Because petitioner's detention pursuant to a final order of removal is governed by 8 U.S.C. § 1231(a), his claim that his detention has become excessively prolonged implicates the statutory construction of that section articulated in *Zadvydas*, 533 U.S. 678.  The record indicates that petitioner has been detained continuously since October 29 or October 30, 2025, *see* ECF No. 1 ¶ 19; ECF No. 12 at 2 & Exs. 1, 2, reflecting, at present, that petitioner has been detained for more than six months pending removal pursuant to a final order of removal.

Respondents dispute that petitioner's current period of detention has exceeded the presumptively reasonable six-month period described in *Zadvydas*, 533 U.S. 678.  They contend that the six-month period only begins upon the termination of the ninety-day period of mandatory detention set forth in 8 U.S.C. § 1231(a)(2)(A).  ECF No. 12 at 3.  That interpretation is incorrect; the six-month period discussed in *Zadvydas*, 533 U.S. 678, includes the 90-day statutory removal period.  *See Khotesouvan v. Morones*, 386 F.3d 1298, 1300 (9th Cir. 2004) (describing *Zadvydas* as holding that, "[d]etention for 6 months, including the 90-day removal period, is 'presumptively reasonable'"); *Kim Ho Ma v. Ashcroft*, 257 F.3d 1095, 1100 (9th Cir. 2001) (explaining that, "in *Zadvydas,* 121 S.Ct. at 2505, the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of *six months* after a final order of removal—that is, *three months* after the statutory removal period has ended"); *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 45 (1st Cir. 2021) (explaining that *Zadvydas* held "that once a noncitizen detained following a final removal order has been held for six months, the noncitizen may challenge his continued detention"); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curium) ("Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter.").  Therefore, applying *Zadvydas*, because petitioner was arrested on October 29, 2025 or October 30, 2025, *see* ECF No. 1 ¶ 19; ECF No. 12 at 2 & Exs. 1, 2, his detention was presumptively reasonable only until April 29, 2026 or April 30, 2026, respectively.  *See Zadvydas*, 533 U.S. at 701.

////

Petitioner has otherwise shown, and respondents do not dispute, that there is good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. Petitioner's unrefuted allegations are that respondents have been unable to remove him since his order of removal became final in October 2025. ECF No. 1 ¶¶ 18-20; ECF No. 14 at 5-6. Respondents' lack of acquisition of any travel documents for petitioner in the eight months since his removal order became final suffices to show "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future," *Zadvydas*, 533 U.S. at 701, such that petitioner has met his burden. *See*, *e.g.*, *Shahvaladian v. Mullin, et al*, No. 5:25-CV-03001-SPG-AJR, 2026 WL 1700477, at *4 (C.D. Cal. June 8, 2026) (collecting cases and observing, "[m]any courts have found that removal was not reasonably foreseeable where the Government has been unable to obtain travel documents"); *Galo Chavez v. Acting Warden of The Adelanto Detention Center*, No. 5:26-CV-02315-SP, 2026 WL 1601896, at *4 (C.D. Cal. June 1, 2026) (holding petitioner met burden where travel documents had not been acquired during her ten months of detention).

Moreover, petitioner's withholding of removal proceedings are currently pending, with petitioner having been granted withholding of removal in November 2025. ECF No. 14, Ex. 8. This, too, supports a finding that there is no significant likelihood of his removal in the reasonably foreseeable future. *See Rodriguez v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-00694-DAD-CKD, 2026 WL 770527, at *3 (E.D. Cal. Mar. 18, 2026) ("A pending application in which a petitioner has requested withholding of removal supports a finding that there is not a significant likelihood of removal in the reasonably foreseeable future."). Where withholding of removal has been granted, there are typically two potential outcomes: either respondents identify a third country to which they seek to remove petitioner and then obtain travel documents for petitioner for same, or the withholding order is appealed to the BIA. *See*, *e.g.*, *A.A.M. v. Andrews*, No. 1:25-CV-01514-DC-DMC (HC), 2026 WL 1099063, at *7 (E.D. Cal. Apr. 21, 2026), *report and recommendation adopted,* No. 1:25-CV-01514-DC-DMC (HC), 2026 WL 1266280 (E.D. Cal. May 8, 2026). Here, the record does not indicate, nor do respondents argue, that any third country has been identified for petitioner's removal nor that respondents

8

have made any efforts to acquire travel documents for petitioner's removal to that country. *See* ECF No. 12. As noted, however, petitioner's withholding-only proceedings are now pending in the BIA, and petitioner argues that such proceedings may take months or years to resolve. ECF No. 14 at 6. This argument finds ample support in recent judicial decisions. *See*, *e.g.*, *Varela v. Warden, Golden State Det. Facility*, No. 1:26-CV-1869-DJC-CKD P, 2026 WL 1158202, at *3 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted*, No. 1:26-CV-1869-DJC-CKD, 2026 WL 1257828 (E.D. Cal. May 7, 2026) (finding appeals to the BIA currently take months to resolve); *A.A.M.*, 2026 WL 1099063, at *7 (finding an appeal to the BIA from an unfavorable withholding of removal decision may take a year to resolve). For these additional reasons, petitioner has shown that there is no significant likelihood of his removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Respondents have not rebutted petitioner's showing. *See Zadvydas*, 533 U.S. at 701. Respondents have not argued that DHS has taken any steps to effectuate petitioner's removal whatsoever, nor that they took any steps to do during the 90-day statutory removal period. *See* ECF No. 12. As such, respondents have not met their burden to rebut petitioner's showing. *See, e.g.*, *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) (holding Government had not rebutted petitioner's showing where Government had not secured travel documents for the petitioner); *M.A., v. Noem*, No. 1:26-CV-03432-MWJS, 2026 WL 1709179, at *2 (E.D. Cal. June 12, 2026) (finding Government had not met its rebuttal burden where it had submitted a travel document request seven months prior, which had received no answer and which the Government "continue[d] to follow up on" during that time); *Shahvaladian*, 2026 WL 1700477, at *4 (finding Government had not rebutted petitioner's showing where Government had not secured travel documents nor indicated any other efforts to remove petitioner); *Andemicael v. Noem*, No. 5:25-CV-02999-KK-MBK, 2026 WL 734522, at *8 (C.D. Cal. Feb. 12, 2026), *report and recommendation adopted*, No. 5:25-CV-02999-KK-MBK, 2026 WL 734588 (C.D. Cal. Feb. 20, 2026) (finding the Government failed to meet its rebuttal burden, where its request for travel documents was still pending).

////

9

**2. Violation of Petitioner's Right to Due Process**

Having demonstrated that his present detention is not authorized under the construction of 8 U.S.C. § 1231(a)(6) articulated in *Zadvydas*, petitioner further argues that his present detention violates his rights to due process under the Fifth Amendment.  ECF No. 1 ¶¶ 46-49.  In *Garland v. Aleman Gonzalez*, 596 U.S. 543, 581 (2022), the Supreme Court held that, as a matter of statutory construction, 8 U.S.C. § 1231(a)(6) cannot be read to require the Government to provide bond hearings before immigration judges after six months of detention, with the Government bearing the burden of proving by clear and convincing evidence that a detained noncitizen poses a flight risk or a danger to the community.  The Court, however, left open the possibility that, in an individual case, due process may require such a bond hearing.  *See Arteaga-Martinez*, 596 U.S. at 583; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201 (9th Cir. 2022); *see also Espinoza v. Wofford*, No. 1:24-CV-01118-SAB-HC, 2025 WL 1556590, at *3-5 (E.D. Cal. June 2, 2025).  Here, petitioner has shown, and respondents do not dispute, *see* ECF No. 12, that his present detention without a bond hearing violates his rights to procedural due process under the Fifth Amendment.

The Ninth Circuit has applied the three-part test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to claims that immigration detention violates the detainee's rights to procedural due process under the Fifth Amendment.  *See Rodriguez Diaz*, 53 F.4th at 1206-07.  Under *Mathews*, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include.  *Mathews*, 424 U.S. at 335.

**A. Private Interest**

Petitioner has a substantial private interest in his personal liberty.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Zadvydas*, 533 U.S. at 690.  Because the record indicates petitioner has not received any bond hearing since the commencement of his detention, nor that his pre-detention liberty had been circumscribed in some way, this interest remains

10

extremely significant.  *See Rodriguez Diaz*, 53 F.4th at 1207 (holding that petitioner's liberty interest was diminished by having received one bond hearing during detention).  Petitioner's unrebutted allegations that he has suffered physically and mentally due to the poor conditions of confinement, *see* ECF No. 1 ¶ 23, further strengthen his liberty interest.  *See Tigranyan v. Warden of California City Det.*, No. 1:25-cv-1554 DJC SCR, 2026 WL 91765, at *6 (E.D. Cal. Jan. 13, 2026), *report and recommendation adopted*, No. 1:25-cv-1554 DJC SCR, 2026 WL 130843 (E.D. Cal. Jan. 16, 2026).

### B. Risk of Erroneous Deprivation

Under the second *Mathews* factor, the court considers "the risk of an erroneous deprivation of [petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards."  *Mathews*, 424 U.S. at 335.  "Due process protects against immigration detention that is not reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk."  *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) (citing *Zadvydas*, 533 U.S. at 690-91); *see also D. L.C. v. Wofford*, No. 1:25-CV-01996-DC-JDP (HC), 2026 WL 25511, at *5 (E.D. Cal. Jan. 5, 2026) ("Civil immigration detention is 'nonpunitive in purpose and effect' and is justified when a noncitizen presents as a danger to the community or risk of flight.") (citing *Zadvydas*, 533 U.S. at 690).

Here, the unrebutted allegations are that petitioner has received no bond hearing since the commencement of his detention in October 2025.  Although respondents represent that petitioner suffered criminal convictions in California state court prior to the instant detention, ECF No. 12 at 1-2, they do not argue that his detention is presently justified due to these convictions reflecting that petitioner is a danger to the community.  *See id*.  Moreover, even if respondent's reference to these facts was intended to suggest that petitioner's continued detention is legally justified, the record does not supply sufficient information about either criminal proceeding to enable a court to conclude that these convictions, or the conduct giving rise to them, attenuate petitioner's liberty interest under the due process clause.  *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024) (explaining that the factor "'most pertinent to assessing dangerousness' is 'the [noncitizen's]

11

criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses" (quoting *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011)).

### C. Government Interest

Under this factor, the Court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." *Mathews*, 424 U.S. at 335. Court have recognized that, "[t]he government has an obvious interest in 'protecting the public from dangerous criminal [noncitizens].'" *Rodriguez Diaz*, 53 F.4th at 1208 (9th Cir. 2022) (quoting *Demore v. Kim*, 538 U.S. 510, 515 (2003)). This interest, however, is mitigated by the low fiscal and administrative burdens associated with a bond hearing. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Here, as with the previous factor, although respondents note that petitioner has suffered criminal convictions, they make no argument that this militates against the provision of a bond hearing for petitioner. *See* ECF No. 12. Should respondents seek petitioner's ongoing detention on this basis, the Government's interest may be properly considered in a hearing before an Immigration Judge. *See, e.g.*, *Doe*, 787 F. Supp. 3d at 1094 ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

Accordingly, the court finds that respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before an Immigration Judge, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his present detention violates his rights under the Due Process Clause of the Fifth Amendment, entitling him to relief on the single claim of his petition. As a remedy, petitioner requests injunctive relief of either immediate release or a bond hearing. ECF No. 1 at 17; ECF No. 14 at 6-7. Given the circumstances present here, including petitioner's past criminal record, the court finds that injunctive relief of a constitutionally compliant bond hearing is appropriate here. *See, e.g., Doe,* 697 F. Supp. 3d at 948 (ordering bond hearing within fourteen days); *Marjanjou v. Warden Of The Golden State Annex Detention Facility, et al.*, No. 1:25-CV-01580-DC-EFB (HC), 2026 WL 1785248, at *1 (E.D. Cal. June 22, 2026) (under similar circumstances, adopting recommendation for petitioner

to be granted a bond hearing in lieu of immediate release).  Respondents do not dispute that, at such a hearing, the Government should bear the burden to demonstrate that petitioner's detention is justified by clear and convincing evidence.  *See* ECF No. 12; *see generally Singh*, 638 F.3d at 1203-04 (holding this requirement is appropriate where the petitioner had been subject to prolonged detention without a bond hearing in violation of his due process rights); *see also Rodriguez-Diaz*, 53 F.4th at 1210-11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that petitioner's Motion to Proceed In Forma Pauperis (ECF No. 10) is GRANTED.

Further, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

    a.  Respondents be ORDERED to provide Petitioner Carlos Enrique Viana Galicia (A-234-301-724), within fourteen (14) days, a bond hearing before an Immigration Judge that complies with all statutory, regulatory, and constitutional requirements and at which the Government shall bear the burden to establish by clear and convincing evidence that Petitioner presents a risk of flight or danger to the community in light of available alternatives to detention, so as to justify his ongoing detention; and

    b.  If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody;

2) Petitioner's request for attorney's fees and costs be denied without prejudice to bringing a properly noticed and supported motion;

3) The Clerk of Court be directed to serve the District Court's order on the Golden State Annex; and

4) Judgment be entered in favor of petitioner and the Clerk be directed to close the case.

////

////

////

13

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 6, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

14